IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: } | |
| } | |
| } | Chapter 13 |
| WILLIAM L. GALLEY and } | |
| LAURIE A. GALLEY, } | CASE NO. 06-12142-JNF |
| } | |
| Debtor } | |
| _____} | |
| } | |
| PHOEBE MORSE, } | |
| the United States Trustee for Region 1, } | |
| Plaintiff, } | AP. 08- |
| } | |
| v. } | |
| } | |
| CAPITAL ONE BANK (USA), N.A., } | |
| Defendant, } | |

**COMPLAINT OF THE UNITED STATES TRUSTEE PHOEBE MORSE
FOR A PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

Phoebe Morse, the United States Trustee for Region 1, by and through her duly authorized counsel alleges as follows:

1.    This is an action pursuant to Sections 524(a)(2) and 105(a) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*., (the "Code"), and under the court's inherent authority to secure permanent injunctive relief and other equitable relief, including restitution and disgorgement, against the defendant for failing to maintain procedures ensuring compliance with bankruptcy discharge injunctions, for improperly filing proofs of claim in approximately 5,600 cases to collect previously discharged debt, and for improperly collecting approximately $340,000 from bankruptcy estates nationwide.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in the United States Bankruptcy Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. § 1409(a).

## PLAINTIFF

4. Plaintiff Phoebe Morse is the United States Trustee for Region 1 ("UST"). 28 U.S.C. § 581(a)(1). The UST is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Section 307 of the Code expressly gives the UST standing to raise and be heard on any issue under Title 11, except that the UST may not file a reorganization plan under chapter 11. 11 U.S.C. § 307.

## DEFENDANT

5. Capital One Bank (USA), N.A. ("Capital One") is a federally chartered bank. Capital One is a primary subsidiary of Capital One Financial Corporation, a financial holding company which has a principal place of business in McLean, Virginia. Capital One transacts business in this District and submitted itself to the jurisdiction of this Court by filing a proof of claim in the instant bankruptcy case. *Langenkamp v. Culp*, 498 U.S. 42 (1990)(creditors who file proofs of claim bring themselves within the equitable jurisdiction of the bankruptcy court).

## THE DEFENDANT'S BUSINESS PRACTICES

6.Capital One offers revolving open-end credit card accounts to consumers nationally. In recent years, Capital One has filed thousands of proofs of claim per month, in this and other United States Bankruptcy Courts around the country, seeking payment as an unsecured creditor from the bankruptcy estates of its open-end credit card account customers.

7.In late 2005, the procedures that Capital One employed to identify which customers had previously filed for bankruptcy protection failed, and Capital One improperly filed approximately 5,600 proofs of claim against customers whose debt had previously been discharged in bankruptcy, thereby violating numerous discharge injunctions. *See* 11 U.S.C. § 524 (enjoining efforts to collect on discharged debts).

8.Capital One had an obligation to maintain procedures adequate to ensure that it did not violate the discharge injunction. *See, e.g., In re Roush*, 88 B.R. 163, 165 (Bankr. S.D. Ohio 1988) (creditor bears burden of establishing procedures adequate to minimize or eliminate its agent's violations of section 524); *cf.*, *In re Conti*, 50 B.R. 142, 146 (Bankr. E.D. Va. 1985) (holding IRS in civil contempt for violating section 524 and finding that impracticality, lack of manpower, and lack of appropriate procedures are not sustainable defenses to a motion for a finding of civil contempt).

9.Capital One breached this obligation, and subsequently caused approximately 5,600 erroneous proofs of claim to be filed in bankruptcy cases where consumers had previously been granted a discharge of the debts they owed to Capital One.

10.Capital One thereafter improperly collected approximately $340,000 from debtors' chapter 13 estates nationally, in violation of section 524(a)(2).

## IN RE GALLEY: THE IMPROPER PROOF OF CLAIM

11.     William L. Galley and Laurie A. Galley ("Debtors") filed a chapter 13 voluntary petition on July 15, 1992, which case was assigned case number 92-17226-CJK.  An order confirming the Debtors' chapter 13 plan was entered on November 9, 1992.

12.     On November 27, 1992, Signet Bank filed a proof of claim in case number 92-17226-CJK as to Visa account #******9625 in the amount of $3,309.86.  A true and accurate copy of the Signet Bank proof of claim ("Proof of Claim") is attached hereto as Exhibit 1.

13.     Upon information and belief, in or about 1994 Capital One became the owner[1] and or servicer of the account referenced in the Proof of Claim.

14.     On May 20, 1997, the chapter 13 trustee filed a final report and account in case number 92-17226-CJK and listed the Proof of Claim as claim number 9 on the report.  A copy of the report showing payment to Signet Bank is attached hereto as Exhibit 2.

15.     On May 21, 1997, an order of discharge entered on the docket of the Debtors' case number 92-17226-CJK ("Discharge Order").  A copy of the notice of the Discharge Order was mailed to Signet Bank at the address provided on its Proof of Claim.  A true and accurate copy of the Discharge Order is attached hereto as Exhibit 3.

16.     On July 5, 2006, the Debtors filed the present chapter 13 case.

17.     On July 18, 2006, Capital One through its agent, TSYS, filed a proof of claim in this case for $5,542.50 bearing the same account number #******9625 as was referenced in the Proof of Claim filed in the earlier case and listing the same account opening date of April 6, 1989.  A true and accurate copy of the Capital One proof of claim ("Improper Proof of Claim") is attached hereto

---

[1] In 1994, Signet Bank spun-off its credit card business as Capital One Financial Corporation.

as <u>Exhibit 4</u>.[2]

18.     The debt listed in Capital One's Improper Proof of Claim is the same debt discharged by this Court's Discharge Order in case number 92-17226-CJK.

19.     Upon information and belief and subject to further discovery, Capital One either knew or should have known that the debt represented in its Improper Proof of Claim was the subject of a previous Discharge Order.

20.     On March 6, 2007, the Court entered an order confirming the Debtor's chapter 13 plan in this case.

21.     The chapter 13 trustee has made distributions on the Improper Proof of Claim filed by Capital One through its agent, TSYS. The chapter 13 trustee has paid to Capital One $896.93 as of September 8, 2008.

## COUNT I
## Failure to Maintain Procedures
## Adequate to Prevent Violations of Section 524

22.     The UST incorporates by reference all the foregoing paragraphs.

23.     In the course and conduct of credit card servicing and collection, Capital One had an obligation to maintain procedures to ensure that it did not violate discharge injunctions issued under section 524.

24.     On numerous occasions in and after 2005, Capital One failed to ensure that its collection procedures properly identified those customers whose debt to Capital One was discharged previously in bankruptcy.

---

[2] Capital One filed a second proof of claim in this case for a separate account #******7679 in the amount of $671.97, which was opened in February 1999 after the Debtors' previous discharge. The Debtors scheduled a Capital One account opened in February 1999 in the amount of $671.

25. On approximately 5,600 occasions, when Capital One knew or should have known that debt had been discharged in bankruptcy, Capital One caused proofs of claim to be filed in numerous United States Bankruptcy Courts seeking to collect the debt.

26. In the instant case, Capital One filed an Improper Proof of Claim in this Court seeking to collect a debt when it knew or should have known that the debt had been discharged.

### COUNT II
### Violations of Section 524

27. The UST incorporates by reference all the foregoing paragraphs.

28. In approximately 5,600 cases, Capital One caused proofs of claim to be filed in United States Bankruptcy Courts seeking to collect a debt, when it knew or should have known that the debt had been discharged.

29. In the instant case, Capital One caused the Improper Proof of Claim to be filed with this Court seeking to collect on debt when it knew or should have known that the debt had been discharged.

30. Capital One has not withdrawn its Improper Proof of Claim, and has improperly collected money from the bankruptcy estate. *See* 11 U.S.C. § 502.

### THIS COURT'S POWER TO GRANT RELIEF

31. This Court has inherent authority and power under section 105(a) to fashion orders providing appropriate relief, including injunctive relief to prevent and remedy violations of section 524 of the Code, and to order disgorgement, and the reimbursement of costs and out of pocket expenses. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000), *amended by and reh'g denied*, 2000 U.S. App. LEXIS 33737 (1st Cir. Dec. 15, 2000), *cert. denied*, 532 U.S. 1048 (2001). Likewise, this Court has specific authority to

deny improper claims. *See* 11 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States Trustee requests that this Court invoke its inherent authority and its authority under 11 U.S.C. §§ 105(a), 502, and 524 to enter a judgment and orders:

A. disallowing the Improper Proof of Claim Capital One filed in this case; and

B. ordering Capital One to disgorge and return to the chapter 13 trustee all monies received from the Galley estate in this case, and to reimburse the chapter 13 trustee for any out-of-pocket expenses resulting from the need to readminister those monies; and

C. permanently enjoining and restraining Capital One from improperly maintaining collection procedures that cause them to violate section 524; and

D. appointing an independent auditor, to be paid for by Capital One, to determine and report to this Court:

   (i) the identifying information for each and every case in which Capital One improperly filed proofs of claim for previously discharged debt;[3] and

   (ii) the amount of monies that Capital One improperly received in each case in which it caused to be filed improper proofs of claim for previously discharged debt; and

   (iii) the costs and expenses incurred by trustees and/or debtors to object to improper proofs of claim and/or to readminister any returned moneys; and

E. ordering Capital One to withdraw any improper claims for previously discharged debt it caused to be filed in any case under Title 11; and

F. ordering Capital One to reimburse all trustees and debtors who seek payment of all out-of-pocket costs and expenses incurred to contest improper proofs of claim for previously discharged debt; and

G. ordering Capital One to reimburse trustees who seek payment of all costs arising out of the need to readminister the disgorged monies in any case under Title 11; and

---

[3] The United States Trustee Program does not include the judicial districts in North Carolina and Alabama.

H.    entering such other orders that this Court deems meet and just.

                         PHOEBE MORSE
                         UNITED STATES TRUSTEE, REGION 1

October 2, 2008                By:   /s/ Gary L. Donahue
                                         Gary L. Donahue
                                         BBO No. 561278
                                         Office of the United States Trustee
                                         U.S. Department of Justice
                                         10 Causeway Street
                                         Boston, Massachusetts
                                         Telephone: (617) 788-0412
                                         Facsimile: (617) 565-6368

                                         /s/ Leonard J. DePasquale
                                         Leonard J. DePasquale
                                         Acting Associate General Counsel
                                         For Enforcement and Litigation
                                         Executive Office for United States Trustees
                                         20 Massachusetts Avenue, N.W.
                                         Washington, DC 20530
                                         202-305-2506 Telephone
                                         202-307-2397 Facsimile