IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| | } | Chapter 13 |
| WILLIAM L. GALLEY and | } | |
| LAURIE A. GALLEY, | } | CASE NO. 06-12142-JNF |
| | } | |
| Debtor | } | |
| _____ | } | |
| | } | |
| PHOEBE MORSE, | } | |
| the United States Trustee for Region 1, | } | |
| Plaintiff, | } | AP. 08- 01272 |
| | } | |
| v. | } | |
| | } | |
| CAPITAL ONE BANK (USA), N.A. | } | |
| Defendant. | } | |

## STIPULATED FINAL JUDGMENT AND ORDER

Plaintiff Phoebe Morse, the United States Trustee for Region 1 ("UST"), filed a

Complaint for a Permanent Injunction and Other Equitable Relief pursuant to Sections 524(a)(2)

and 105(a) of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*., (the "Code,") and under the Court's

inherent authority.

The complaint alleges that defendant Capital One Bank (USA), N.A. ("Capital One")

failed to maintain procedures adequate to ensure that it did not violate discharge injunctions, that

it improperly filed approximately 5,600 proofs of claim to collect on debt that had been

previously discharged, and that it improperly collected approximately $340,000 dollars from

numerous bankruptcy estates in violation of Section 524(a)(2).

The parties, by and through their respective counsel, have agreed to the entry of this

Stipulated Final Judgment and Order ("Order") by this Court, without trial or adjudication of any

issue of fact or law.  The parties having requested that the Court enter this Order, it is therefore

ORDERED, ADJUDGED, and DECREED as follows:

## FINDINGS

1.      This Court has jurisdiction over Capital One and the subject matter of this action.  Venue

in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) is

proper.

2.      In December, 2007, the Executive Office for United States Trustees ("EOUST")

commenced a review of Capital One's claim filing procedures, to determine whether Capital One

had filed proofs of claim on previously discharged debt.  Capital One cooperated with EOUST in

its review.

3.      Capital One asserts that prior to EOUST's review of Capital One's procedures, it

undertook its own review to identify proofs of claim that may have been filed improperly, due to

process errors.  Capital One further asserts that factors unrelated to Capital One systems may

also have contributed to errors in claims having been filed on previously discharged debt.

Likewise, Capital One asserts that without having been ordered to do so, and before EOUST

commenced its review of Capital One's procedures, that Capital One (i) adopted new quality

control and verification processes to further screen bankrupt debtors for prior discharges; (ii)

commenced identifying and withdrawing claims potentially filed on previously discharged debt;

and (iii) commenced refunding distributions received on claims potentially filed on discharged

debt.

4.     Capital One does not admit the allegations set forth in the Complaint, and entry of this Order is not an admission of any such allegations.  Nonetheless, Capital One stipulates and agrees to the entry of this Order to settle and resolve the dispute alleged in the Complaint.

5.     Capital One waives all rights to seek judicial review or otherwise challenge or contest the validity of this order, and Capital One waives any right that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6.     The UST and Capital One, by and through counsel, have agreed that entry of this Order resolves all matters in dispute between them arising from the facts and circumstances alleged in the Complaint in this action, up to the date of the entry of this Order.

## ENFORCEMENT OF THIS ORDER

### I.

IT IS FURTHER ORDERED that:

A.     This Court shall retain exclusive jurisdiction to enforce the terms of this Order, as well as to hear and adjudicate any motions for its enforcement or contempt related thereto.  Capital One has waived any right to appeal this Order or otherwise challenge the jurisdiction of this Court.

B.     This Order will be binding on Capital One, its successors, officers, agents, employees, and others to the extent provided in Fed. R. Civ. P. 65(d) and Fed. R. Bankr. P. 7065.  Capital One will remain bound by the terms of this Order, notwithstanding the sale, assignment, or other transfer of any account wherein Capital One had filed an Erroneous Claim, as defined in Section III.G. below.

C.     This Order does not bind or prejudice the rights and claims of non-parties, except as otherwise specifically provided herein.

D.      This Order does not prejudice the rights of Capital One or the UST to use or disseminate

any information contained in this Order or filed with this Court as a matter of public record.

However, the terms contained herein are not to be construed as authority to permit Capital One

to use or disseminate consumers' personal information, other than as required by the terms

contained herein.

## INJUNCTIVE RELIEF

### Independent Auditor

### II.

IT IS FURTHER ORDERED that:

A.      Capital One  will retain, at its expense, an independent auditor ("Auditor").  Capital One

will pay all costs arising out of the retention of the Auditor, including compensation and

reimbursement of expenses to the Auditor and his/her professionals, and the preparation and

filing of the required reports and certifications with this Court.

B.      Capital One will propose to the UST three qualified candidates to serve as the Auditor,

subject to the UST's right to veto.  If the UST vetoes one or more of the three initial candidates,

Capital One will propose the same number of additional qualified candidates, subject to the

UST's right to veto, until the parties agree on three candidates to submit to this Court.  The UST

and Capital One will propose and vet candidates in good faith.  Thereafter, this Court will select

and approve the Auditor.

C.      Each candidate must be a highly qualified and respected person with a reputation that will

garner public confidence and who is suitable for the tasks required under this Order.  At a

minimum, each candidate and his/her professionals will, collectively, possess professional

qualifications, expertise and skills in the following areas: bankruptcy law and practice; corporate

governance; business operations; internal controls; accounting; and credit card debt servicing. To the extent that the Auditor selected and approved by the Court does not possess all of the professional qualifications, expertise, and skills appropriate to the tasks required under this Order, the Auditor will be entitled to retain appropriate professionals.

D.      Each candidate must be a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) and shall not hold or represent an "adverse interest" as determined under the standards applicable to professionals retained under 11 U.S.C. § 327(a).

E.      Each candidate will be independent, will not be an employee or agent of Capital One, and will not represent: Capital One; its shareholders, directors, officers, employees or other representative; its successors or assigns; or shareholders, directors, officers, employees or other representatives of its successors or assigns.

F.      Any professionals retained by the Auditor must be "disinterested persons" as that term is defined in 11 U.S.C. § 101(14) and shall not hold or represent an "adverse interest" as determined under the standards applicable to professionals retained under 11 U.S.C. § 327(a).

G.      The Auditor and any professionals he/she retains will disclose to this Court any connections to Capital One, its subsidiaries, shareholders, directors, officers, and law firms, as provided under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014.

H.      The Auditor and his/her firm or employer, including any law partnership or corporation or accounting partnership or corporation, must agree not to be retained by Capital One, or its successors or assigns, for a period of 3 years after the conclusion of the terms of this engagement, and any professionals retained by the Auditor must agree not to be retained by Capital One, or its successors or assigns, for a period of 1 year after the conclusion of the terms

of this engagement, unless the UST shall consent to such retention, which consent shall not be
unreasonably withheld.

I.      Under the direction and supervision of the Auditor, Capital One's internal audit team,
known as "Corporate Audit Services" ("CAS"), will review Capital One's business records to
determine those Capital One account holders that filed a bankruptcy case in which Capital One
filed a proof of claim, as provided for below in Sections III and IV.  The Auditor will direct and
supervise CAS' reviews and file certifications of the reviews with this Court, as required in
Sections III and IV below.

J.      The Auditor will cooperate fully with and may communicate with the UST and any
federal, state, or local governmental agency, including responding to reasonable requests for
information related to the implementation of and the compliance with the terms of this Order,
subject to applicable federal and state law.

## Historical Audit of Proofs of Claim in Bankruptcy Cases

### III.

IT IS FURTHER ORDERED that:

A.      CAS will prepare a report in spreadsheet format (the "Master Claims Report") identifying
all accounts on which Capital One caused a proof of claim to be filed in a consumer bankruptcy
case from January 1, 2005, through the date of entry of this Order, with each claim to include the
following information:

      1.      debtor's name;

      2.      debtor's SSN;

      3.      debtor's account address;

      4.      Capital One account number;

      5.      date Capital One account was opened;

6.    claim amount;

7.    chapter under which bankruptcy case was filed and, if applicable, converted to;

8.    Court and case number of bankruptcy case; and

9.    a unique control number.

B.    CAS will review, under the direction and supervision of the Auditor, all account records and/or business records maintained, prepared by, or prepared for Capital One that are necessary to determine with confidence those consumer accounts on which Capital One filed a claim during the relevant time period included in the Master Claims Report.

C.    CAS shall submit the Master Claims Report (as well as documentation supporting its preparation) to the Auditor within 60 days of entry of this Order.  Within 30 days thereafter, or within 30 days of the date on which any objections of the Auditor are resolved as provided by Section V.A. below, whichever is later, the Auditor will:

1.    review and certify the accuracy of the Master Claims Report; and

2.    file the Master Claims Report and a certification that its contents are accurate with this Court.

D.    CAS, under the supervision of the Auditor, will screen the Master Claims Report for prior bankruptcy cases, such that CAS will review all accounts listed in the Master Claims Report to determine which such accounts are held by debtors who filed a bankruptcy case prior to the bankruptcy case in which the claim indicated in the Master Claims Report was filed.  CAS will perform this screening review using PACER or other service capable of searching historical bankruptcy Court filings, provided that the process employed is acceptable to the Auditor.

E.    After completion of the screening review set forth in subsection III.D. above, CAS, under the direction and supervision of the Auditor, shall itemize those debtors found to have a prior

bankruptcy case in a second report in spreadsheet format (the "Prior Case Report"), which report will include:

1. as to each claim filed in each of those debtors' bankruptcy cases, the same information as the Master Claims Report; and

2. as to each prior bankruptcy case, the following additional information:

   (a) date of commencement of prior bankruptcy case;

   (b) Court and case number of prior bankruptcy case;

   (c) Capital One account numbers scheduled by the debtor, if any;

   (d) disposition of prior bankruptcy case (dismissed, discharged or active); and

   (e) date of dismissal or discharge, if applicable.

F. CAS shall submit the Prior Case Report (as well as documentation supporting its preparation) to the Auditor within 60 days of the Auditor's certification of the immediately preceding Master Claims Report as provided in subsection III.C. above. Within 30 days thereafter, or within 30 days of the date on which any objections of the Auditor are resolved as provided by Section V.A. below, whichever is later, the Auditor will:

1. review and certify the accuracy of the Prior Case Report; and

2. file the Prior Case Report and a certification that its contents are accurate with this Court.

G. CAS, under the supervision of the Auditor, shall use the Prior Case Report to determine whether any of the Capital One claims in the Master Claims Report were erroneously filed on previously discharged debt (the "Erroneous Claims"). CAS, under the supervision of the Auditor, shall apply the following criteria when evaluating the Prior Case Report to determine Erroneous Claims:

1.   any claim filed when the prior case did not result in a discharge of the debts of the
      debtor against whom the claim was filed shall not be considered erroneously filed;

2.   any claim filed when Capital One was not scheduled as a creditor in the prior case
      and Capital One did not file a proof of claim in the prior case shall not be
      considered erroneously filed;

3.   any claim filed when the Capital One account scheduled in the prior case is
      different from the account listed in the Master Claims Report shall not be
      considered erroneously filed;

4.   any claim filed on debt that was reaffirmed by the debtor before Capital One filed
      a proof of claim shall not be considered erroneously filed; and

5.   any claim filed on debt incurred by the debtor after the filing of the prior case
      shall not be considered erroneously filed.

H.   The remaining claims in the Master Claims Report that are not excluded under subsection
III.G. constitute the Erroneous Claims.  CAS shall itemize the Erroneous Claims in a report (the
"Erroneous Claims Report"), which report will include the information set forth in the Master
Claims Report and the Prior Case Report.  The Erroneous Claims Report shall also include the
following information as to each Erroneous Claim:

1.   the date of any claim objection or adversary proceeding challenging the
      Erroneous Claim filed by the debtor, chapter 7 or chapter 13 trustee; and

2.   the date the claim was withdrawn, or the date that Capital One filed a pleading or
      notice of withdrawal in an attempt to withdraw the claim, if applicable.

I.   CAS shall submit the Erroneous Claims Report (as well as documentation supporting its
preparation) to the Auditor for certification within 90 days of the Auditor's certification of the

preceding Prior Case Report as provided in subsection III.F. above.  Within 30 days thereafter, or

within 30 days of the date on which any objections of the Auditor are resolved as provided by

Section V.A. below, whichever is later, the Auditor will:

    1.    review and certify the accuracy of the Erroneous Claims Report; and

    2.    file the Erroneous Claims Report and a certification that its contents are accurate

        with this Court.

J.    CAS, under the supervision of the Auditor, shall review the accounts listed in the

Erroneous Claims Report to determine the amount of distributions, if any, Capital One received

from the bankruptcy estate after the Erroneous Claim was filed, as well as any refunds issued to

the bankruptcy estate and/or the debtor.  CAS, under the supervision of the Auditor, shall then

prepare a final report in spreadsheet format (the "Distributions and Refund Report"), which

report will include the information from the Erroneous Claims Report and the following

additional information:

    1.    The amount of distributions received from the bankruptcy estate since the filing of

        the Erroneous Claim, if any;

    2.    The amount of the refund issued on such distributions, if any; and

    3.    The person to whom the refund was issued.

K.    CAS shall submit the Distributions and Refund Report (as well as all documentation

supporting its preparation) to the Auditor within 90 days of the Auditor's certification of the

preceding Erroneous Claims Report as provided in subsection III.I. above.  Within 30 days

thereafter, or within 30 days of the date on which any objections of the Auditor are resolved as

provided by Section V.A. below, whichever is later, the Auditor will:

    1.    review and certify the accuracy of the Distributions and Refund Report; and

2.    file the Distributions and Refund Report and a certification that its contents are

accurate with this Court.

**Prospective Audit of Capital One's Proof of Claim Processes**

**IV.**

IT IS FURTHER ORDERED that:

A.    On an annual basis commencing one year from the date of entry of this Order, Capital

One, CAS, and the Auditor will employ the same procedures and deliver the same reports within

the same time frames as set forth in Section III hereof, which reports shall reflect such

information from the previous 12-month period.

B.    The audit shall be conducted annually each year for two years after entry of this Order;

provided, however, that the audits shall be extended for one additional year for each Erroneous

Claims Report (excluding the first report required after the entry of this Order) in which the

number of erroneous claims exceeds one hundred (100) claims.

C.    This Order shall terminate upon the completion of the audit beginning two years from the

date of entry of this Order, unless one or more additional audit(s) are required pursuant to the

terms of Paragraph IV(B).  If such an additional audit(s) are required, this Order shall terminate

upon the completion of the additional audit.

**Reporting to USTP, Dispute Resolution and Reimbursement of Actual Out-of-Pocket
Expenses**

**V.**

IT IS FURTHER ORDERED that:

A.    The Auditor shall either certify or object to each Master Claims Report, Prior Case

Report, Erroneous Claims Report, and Distributions and Refund Report (collectively, the "CAS

Reports") within 30 days of receipt thereof from CAS. In the event that the Auditor objects to any CAS Report, CAS shall have 30 days to respond to such objection. If CAS and the Auditor are unable to reach resolution of such objection, the dispute shall be submitted to and finally determined by this Court. When filing any document or report with this Court, the Auditor shall comply with the provisions of 11 U.S.C. § 107(c) and Fed.R.Bankr.P. 9037 and ensure that all personally identifying information is redacted in accordance with those provisions.

B.     The Auditor shall deliver a copy of each Master Claims Report, Prior Case Report, Erroneous Claims Report and Distributions and Refund Report to the UST within 15 days of his or her certification of each report.

C.     Subject to Section VI.I. hereof, if any Erroneous Claims Report contains Erroneous Claims that have not yet been withdrawn, Capital One shall withdraw such Erroneous Claims within 15 days of the date on which the Auditor certifies the Erroneous Claims Report. CAS shall update and submit to the Auditor the Erroneous Claims Report every 30 days until such Erroneous Claims are withdrawn. Within 30 days of certifying each Erroneous Claims Report, the Auditor shall file a certification with this Court that Capital One has withdrawn such Erroneous Claims or, if they have not been withdrawn, explaining the reason for the failure to withdraw each identified Erroneous Claim.

D.     If any Distributions and Refund Report includes any Erroneous Claims for which Capital One received a distribution after filing the Erroneous Claim, and such distribution has not yet been refunded, Capital One shall refund such distribution to the debtor if the bankruptcy case is closed, or to the chapter 13 trustee or chapter 7 trustee if the case remains open, within 15 days of the date on which the Auditor certified the Distributions and Refund Report. If the case remains open, such refunds may also, at the direction of the applicable trustee, be made directly

to the debtor.  CAS shall update and submit to the Auditor the Distributions and Refund Report

every 30 days until such refunds are issued.  Within 30 days of certifying each Distributions and

Refund Report, the Auditor shall file a certification with this Court that Capital One has refunded

such distributions or, if they have not been made, explaining the reason for the failure to refund

each identified distribution.

E.      If the Erroneous Claims Report includes Erroneous Claims against which a debtor filed a

claim objection or initiated an adversary proceeding prior to the withdrawal of the Erroneous

Claim:

      1.      The Auditor shall deliver to such debtor a copy of this Order and correspondence,

          acceptable to Capital One and the UST, summarizing the terms of the Order and

          notifying the debtor that:

          (a)      such debtor may submit an itemized list of actual, unreimbursed out-of-
              pocket costs and expenses (including attorneys' fees) incurred by the
              debtor to contest the Erroneous Claim up to the time when Capital One
              filed a notice of or a pleading to withdraw the Erroneous Claim;

          (b)      the debtor's submission of the out-of-pocket costs and expenses will
              subject the debtor to the exclusive jurisdiction of this Court, respecting
              such costs and expenses reimbursable under this Stipulated Final
              Judgment and Order; and

          (c)      Capital One's payment of these out-of-pocket costs and expenses (or the
              amount determined by this Court upon a good faith objection) will
              constitute full and final resolution of all matters relating to the Erroneous
              Claim or alleged damages related thereto.

      2.      Each debtor shall have no more than 90 days from the date of the Auditor's

          correspondence to submit his/her itemized out-of-pocket costs and expenses;

      3.      The Auditor shall determine the bona fide actual out-of-pocket costs and

          expenses, including attorneys' fees, paid or payable by each debtor to contest the

          Erroneous Claim.  When determining the amount of attorneys' fees reimbursable

to the debtor, the Auditor will include only those legal fees that were reasonable and necessary to effectuate the denial or withdrawal of the Erroneous Claim. Legal fees incurred by a debtor in a case after Capital One filed a notice of or a pleading to withdraw the Erroneous Claim will not be reimbursed under this Order. If the Auditor and the debtor disagree as to the proper amount of reimbursement payable under this Order, the determination of the Auditor shall control as to Capital One's obligations to render payment to the debtor under this Order;

4.    The Auditor shall deliver a report itemizing such expenses to Capital One promptly upon such determination. Capital One shall remit such amounts determined by the Auditor within 30 days of receipt thereof directly to the debtor, unless it objects in good faith, in which case such objection shall be submitted to and finally determined by this Court; and

5.    A debtor who does not seek reimbursement under this Order after notification pursuant to this Section does not waive or release his/her claims, if any, relating to the Erroneous Claim or alleged damages relating thereto.

F.    If the Erroneous Claims Report includes Erroneous Claims against which a chapter 13 trustee or chapter 7 trustee filed a claim objection or initiated an adversary proceeding prior to withdrawal of the Erroneous Claim, the Auditor shall determine the bona fide actual out-of-pocket costs and expenses, including attorneys' fees, paid or payable by each such trustee to contest the Erroneous Claim. When determining the amount of attorneys' fees reimbursable to the trustee, the Auditor will include only those legal fees that were reasonable and necessary to effectuate the denial or withdrawal of the Erroneous Claim. Legal fees incurred by a trustee to

contest an Erroneous Claim after Capital One filed a motion to withdraw or notice of withdrawal

of an Erroneous Claim will not be reimbursed under the consent order.  If the Auditor and the

applicable chapter 7 trustee or chapter 13 trustee disagree as to the proper amount of

reimbursement payable under this Order, the determination of the Auditor shall control as to

Capital One's obligations to render payment to such trustee under this Order.  The Auditor shall

deliver a report itemizing such costs and expenses to Capital One promptly upon such

determination.  Capital One shall remit such amounts determined by the Auditor within 30 days

of receipt of such report directly to the trustee, unless it objects in good faith, in which case such

objection shall be submitted to and finally determined by this Court.

G.      For each Erroneous Claim listed in the Distributions and Refund Report, the Auditor shall

determine any costs paid or payable to the chapter 7 trustee or the chapter 13 trustee for re-

administering the moneys improperly received by Capital One, including any court costs or other

expenses.  If the Auditor and the applicable chapter 7 trustee or chapter 13 trustee disagree as to

the proper amount of such costs, the determination of the Auditor shall control as to Capital

One's obligations to render payment of such costs to the trustee under this Order.  The Auditor

shall deliver a report itemizing such costs to Capital One promptly upon such determination.

Capital One shall remit such amounts determined by the Auditor within 30 days of receipt of

such report directly to the chapter 7 trustee or the chapter 13 trustee, unless it objects in good

faith, in which case such objection shall be submitted to and finally determined by this Court.

H.      Capital One will provide supporting documentation of all payments, refunds and

reimbursements required under this Section V to each debtor, chapter 7 trustee, or chapter 13

trustee, which documentation shall be submitted with each updated CAS Report delivered to the

Auditor.  The Auditor shall deliver such documentation to the UST within 15 days of receipt

from Capital One.

I.       The UST reserves her right to enforce this Order in this Court.

## **Miscellaneous**

## **VI.**

IT IS FURTHER ORDERED that:

A.       In no event shall Capital One be required to refund distributions to a chapter 7 trustee,

chapter 13 trustee, or a debtor if such refund has previously been made to any such party in the

case; *e.g.*, Capital One shall not be required to refund distributions to the chapter 13 trustee if

refunds have already been made to the debtor, and vice-versa.

B.       In the event that Capital One and the UST dispute in good faith whether a claim must be

withdrawn, the bankruptcy court in which the claim was filed shall adjudicate the claim

objection and no motion for enforcement of this Order shall be filed until such adjudication has

become final, in which case the motion for enforcement shall be filed in this Court.

C.       The costs, fees and expenses of the Auditor and any professionals hired by the Auditor

shall be actual and reasonable as applied to professional persons under 11 U.S.C. § 328 and

§ 330.  Should Capital One deem the costs, fees and expenses incurred by the Auditor or any

hired professional to be unreasonable, it shall be authorized to seek reduction or disallowance of

such fees from this Court, and this Court shall apply the same standards for professional fees as

is appropriate under 11 U.S.C. § 330.

D.       Capital One shall in no event be required to provide any information hereunder to the

UST or the Auditor which shall constitute a violation of any federal or state law, including, but

not limited to, privacy laws and the Truth In Lending Act, without an express order compelling such delivery by this Court.

E.     In the event the UST determines that Capital One is in violation of this Order, it shall provide notice of such violation to Capital One and provide Capital One 30 days to cure or otherwise purge the conduct deemed by the UST to constitute the violation prior to the filing of any motion to enforce this Order in this Court.

F.     Any payments required to be made under this Order shall be deemed made when delivered by Capital One by check or wire transfer to the appropriate debtor, chapter 7 trustee or chapter 13 trustee. Any such debtor's, chapter 13 trustee's, or chapter 7 trustee's failure or refusal to accept such payment shall not be deemed a breach of Capital One's obligations under this Order. Upon request, Capital One shall reissue a check that the payee failed to timely negotiate prior to the expiration of the date of the check.

G.     If the Auditor and the applicable debtor, chapter 7 trustee, or chapter 13 trustee disagree as to the proper amount of reimbursement payable under this Order (if such payments become necessary), the determination of the Auditor shall control as to Capital One's obligations to render payment to such debtor, chapter 7 trustee, or chapter 13 trustee under this Order.

H.     In the event any Erroneous Claim listed on the Erroneous Claim Report shall be determined not to have been withdrawn, but Capital One has not received any distribution on such claim and the case in which the Erroneous Claim was filed has been deemed a "no asset case" if open, or has been closed or dismissed, Capital One shall not be required to undertake efforts to withdraw the claim. Capital One shall withdraw the claim within 15 days of receiving actual notice that the case has been deemed an asset case, if open, or is reopened and deemed an "asset case." In any case in which either (a) Capital One has not received any distribution and

the debtor and the trustee did not file a claim objection or initiate an adversary proceeding contesting the Erroneous Claim before (i) Capital One withdrew the Erroneous Claim, or (ii) the effective date of this Order, or (b) the case was commenced and closed as a chapter 7 "no asset" case, Capital One shall not be required to reimburse any costs or expenses.

I.      In the event Capital One previously settled any objection to or adversary proceeding regarding an Erroneous Claim with any debtor, chapter 13 trustee or chapter 7 trustee, Capital One shall have no further obligation under this Order to pay any trustee or debtor on account of such Erroneous Claim or alleged damages, costs, or expenses related thereto.

## DISTRIBUTION OF ORDER BY CAPITAL ONE

### VII.

IT IS FURTHER ORDERED that Capital One shall deliver a copy of this Order as directed below:

A.      Capital One shall deliver a copy of this Order to its officers, managers, employees, agents, and representatives having direct supervisory responsibility with respect to the matters and obligations arising in this Order.  For current personnel, delivery shall be within thirty (30) days of service of this Order upon Capital One.  For new personnel, delivery shall occur prior to the  assumption of their responsibilities.

B.      Capital One must secure a signed and dated statement acknowledging receipt of this Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY CAPITAL ONE

### VIII.

IT IS FURTHER ORDERED that Capital One, within five (5) business days of receipt of this Order as entered by the Court, must submit to the UST a truthful sworn statement acknowledging receipt hereof.

## RETENTION OF JURISDICTION

### IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including construction, modification and enforcement of this Order.

## FINAL JUDGMENT, COSTS, AND ATTORNEY FEES

### X.

Capital One and the UST hereby consent to the entry of this Order, which shall constitute a final judgment and order, each party to bear its own costs and attorneys' fees incurred in connection with this action.

SO ORDERED this _20th_ day of _November_, 2008.

_Joan N. Feeney_
UNITED STATES BANKRUPTCY JUDGE

SO STIPULATED AND AGREED:
FOR DEFENDANT CAPITAL ONE BANK (USA), N.A.

/s/ Joseph S.U. Bodoff, Esq.
(BBO# 549116)
Bodoff & Associates
225 Friend Street
Boston, Massachusetts 02114-1812
617.742.7300 (tel)
617.742.9969 (fax)

And
Brian V. Otero
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY 10166-00091
(212) 309-1000 (Tel)
(212) 742-9969 (fax)


FOR PLAINTIFF, PHOEBE MORSE,
The United States Trustee, Region 1

/s/ Gary L. Donahue
Gary L. Donahue, (BBO #561278)
U.S. Department of Justice
Office of the U.S. Trustee
Thomas P. O'Neill, Jr. Federal Bldg.
10 Causeway Street, Room 1184
Boston, Massachusetts 02222
Tel: (617) 788-0412
Fax: (617)-565-6368

/s/ Leonard J. DePasquale          o
Leonard J. DePasquale
Acting Associate General Counsel
Enforcement and Litigation
Executive Office for United States Trustees
20 Massachusetts Ave., N.W.
Washington, DC 20235
Tel: (202) 305-2506