IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| | } | |
| WILLIAM L. GALLEY and | } | Chapter 13 |
| LAURIE A. GALLEY, | } | |
| | } | Case No. 06-12142-JNF |
| Debtor | } | |
| | } | |
| WILLIAM K. HARRINGTON, | } | |
| the United States Trustee for Region 1, | } | |
| Plaintiff, | } | |
| | } | Adv. Proc. No. 08-01272 |
| v. | } | |
| | } | |
| CAPITAL ONE BANK (USA), N.A., | } | |
| Defendant | } | |

### ORDER APPROVING AUDITOR'S RECOMMENDATION
### FOR WITHDRAWAL OF CLAIMS IN CLOSED CASES

**Whereas**, pursuant to the Stipulated Final Judgment and Order [Docket No. 23], as subsequently amended (the "Consent Judgment"), defendant Capital One Bank (USA), N.A. ("Capital One") is required to withdraw certain Erroneous Claims[1] and refund distributions received on such Erroneous Claims by the deadlines established in the Consent Judgment;

**Whereas**, the Consent Judgment requires that Capital One withdraw the Erroneous Claims identified in the Erroneous Claims Report, as certified by the Auditor on May 13, 2010 (the "ECR Certification Date"), that are on file in open, closed, and dismissed bankruptcy cases [Consent Judgment V.C.; Docket No. 23];

---

[1] Capitalized terms that are not defined herein shall be ascribed the same definitions provided in the Consent Judgment.

**Whereas**, Capital One has commenced withdrawing the Erroneous Claims in bankruptcy cases that were open as of the ECR Certification Date, and such withdrawal process is nearly complete;

**Whereas**, Capital One has not commenced withdrawing Erroneous Claims in bankruptcy cases that were closed or dismissed as of the ECR Certification Date ("Closed Cases");

**Whereas**, Capital One and the UST have engaged in discussions concerning, among other things, whether and to what extent Capital One should withdraw Erroneous Claims in Closed Cases;

**Whereas**, Capital One and the UST have determined that the Auditor should make a recommendation, subject to approval by this Court, as to the process by which Erroneous Claims should be withdrawn and refunds issued thereon in Closed Cases;

**Whereas**, pursuant to the *Sixth Amended and Agreed Order: Tolling Current Deadlines and Requesting Auditor Recommendation*, submitted simultaneously with this Proposed Order (the "Sixth Amended Consent Order"), on or before December 31, 2010, the Auditor is to submit a recommendation to the Court regarding proposed procedures for the withdrawal, if necessary, of Erroneous Claims, as well as the issuance of refunds related thereto, in Closed Cases;

**Whereas**, the Sixth Amended Consent Order further provided that the Auditor, in making such recommendation, may consider and take into account (i) the administrative burden placed on courts and their respective administrative staffs; (ii) her prior experience in assessing the legal necessity of withdrawing claims in closed or dismissed cases; (iii) the time required to undertake any considered procedures; and (iv) the actual benefit to any debtors against whom the Erroneous Claims were filed;

**Whereas**, the Auditor undertook an analysis of all claims filed in Closed Cases to enable the Auditor to make a recommendation to the Court;

-2-

**Whereas**, the Auditor reviewed the Closed Cases in numerous ways, including by undertaking a detailed analysis of the Closed Cases in which Erroneous Claims were filed to determine the number of Closed Cases in which the final refund amount to Capital One on account of an Erroneous Claim was (i) less than $750; (ii) between $750 and $999.99; (iii) between $1,000 and $1,499.99; (iv) between $1,500 and $1,999.99; and (v) $2,000 and over (each, a "Level");

**Whereas**, the Auditor analyzed each Level of filed claims, taking into account the number of Closed Cases in each Level; the number of jurisdictions that would be impacted by the reopening of Closed Cases in each Level; the number of creditors in each of the Closed Cases; the nature of the claims filed by the other creditors; and the total percentage of distribution to creditors (collectively, the "Claim Information");

**Whereas**, the Auditor, among other things, considered and took into account the Claim Information, as well as the time and expense of reopening the Closed Cases to withdraw the Erroneous Claims; the administrative burden that would be placed on courts and their respective administrative staffs, and case trustees and their respective administrative staffs, to reopen the Closed Cases; and the actual benefit to any debtors (and their creditors) against whom the Erroneous Claims were filed;

**Whereas**, as a consequence of and pursuant to the Auditor's analysis, the Auditor recommends that within thirty (30) days from entry of this Order, Capital One (i) refund distributions received on account of Erroneous Claims filed in all Closed Cases in accordance with the procedures set forth in the Sixth Amended Consent Order and (ii) reopen those Closed Cases in which the final refund amount received by Capital One on account of an Erroneous Claim was $2,000 or greater and withdraw the Erroneous Claim in such case; and

**Whereas**, the Auditor's review found that (i) there are approximately 120 Erroneous Claims filed in Closed Cases in which Capital One received a final refund amount of $2,000 or more; (ii) such Erroneous Claims were filed in 55 different districts in 34 states; and (iii) the aggregate amount of final refunds received by Capital One on account of such Erroneous Claims reflect approximately 31% of the total distribution amount received on account of Erroneous Claims filed in all Closed Cases;

**Now, therefore, it is hereby**

**ORDERED** that the Court accepts the Auditor's recommendation and orders that within thirty (30) days from entry of this Order, Capital One (i) refund distributions received on account of Erroneous Claims in all Closed Cases in accordance with the procedures set forth in the Sixth Amended Consent Order and (ii) reopen those Closed Cases in which the total distribution received by Capital One on account of an Erroneous Claim was $2,000 or greater and withdraw each Erroneous Claim filed in such case; and it is further

**ORDERED** that Capital One provide the Auditor with a written report describing its compliance with this Order no later than thirty (30) days thereafter.

**SO ORDERED** this 4th day of January 2011.

*[signature: Joan N. Feeney]*

UNITED STATES BANKRUPTCY JUDGE